HALL, Judge.
The plaintiff, James Louis Spillers, appeals from a judgment rejecting his claim against the City of Shreveport for total disability workmen’s compensation benefits. We affirm.
Plaintiff was injured on September 29, 1976 when the garbage truck he was driving ran off the road and turned over. His principal injury was diagnosed as a fracture of the lower portion of the neck between the sixth and seventh cervical vertebrae, with displacement. Dr. Lloyd C. Megison, Jr., a neurosurgeon, performed surgery on October 20,1976, fusing the C6 and 7 vertebrae with a piece of bone from the hip. Plaintiff was discharged from the hospital a few days later and remained under the doctor’s care until September 1, 1977. After examination on this date, the doctor discharged plaintiff as able to return to work. His neck had healed and was stable. Plaintiff had only minor complaints of pain at that time, was not taking any medication, and had some remaining weakness in the *136 right triceps muscle. The doctor told him he could go back to work but might not be able to carry a garbage pail in his right arm, and there was no need for him to come back for routine visits.
When plaintiff reported for work his employment was terminated because of his negligence in causing the accident in which he was injured. His compensation benefits were also terminated based on the doctor’s report.
Plaintiff went back to Dr. Megison on November 15, 1977, complaining of pain in the back of the neck, which seemed to shoot up into his head and down into his lower back. He said he had neck pain every time he bent over and stood back up and that the pain was severe. Dr. Megison found no difference from the previous examination, except the right triceps muscle was now strong and normal.
The doctor estimated the limitation in range of motion of plaintiff’s neck due to the fusion was about fifty per cent around to each side. The doctor was of the opinion the plaintiff was able to do the work he was doing at the time of his injury, driving a garbage truck and carrying large barrels of garbage. Dr. Megison testified most patients do not continue to experience pain after an injury and surgery such as involved here has healed.
Plaintiff testified he had not been able to do any work up to the time of trial in April, 1978, other than occasionally picking up beer cans on the side of the road and selling them. He testified he is in almost constant pain, can’t sleep, and can’t work. Two lay witnesses, plaintiff’s grandfather and a friend, testified plaintiff does not seem to be able to work or do other physical activities he used to do.
The sole issue is whether plaintiff continues to be totally disabled under LSA-R.S. 23:1221. Plaintiff argues on appeal that the trial court misconstrued the statute as amended in 1975, and erred in failing to find him totally disabled because he cannot work without substantial pain, cannot do the work he was formerly doing, and cannot work with safety to himself and others. Plaintiff cites Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La.App. 3rd Cir. 1978) writ refused La., 358 So.2d 645, as supporting his position.
The only medical evidence is that plaintiff’s injury and fusion surgery has healed and that he has no physical impairment other than the limitation in range of motion of his neck. There is no evidence that the limitation of motion would itself prevent or impair plaintiff’s performing the work he was doing at the time of the accident or other gainful employment with safety to himself and others. The doctor’s opinion was that plaintiff is not disabled.
If plaintiff can only work in substantial pain, he is totally disabled under the statute. Rachal, supra; Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3rd Cir. 1977) writ refused La., 353 So.2d 1048. We find nothing in the trial court’s written opinion which indicates he construed the statute otherwise. The trial court apparently did not accept plaintiff’s virtually uncorroborated testimony as to his continued pain and physical disability. The testimony of plaintiff’s witnesses was vague and of little assistance. There is no evidence plaintiff has sought further medical treatment or that he is taking medication. He has not sought other employment.
Finding no manifest error in the trial court’s conclusion that plaintiff is not disabled under the compensation statute, we affirm the judgment denying benefits.
Affirmed.