PRICE, Judge.
This is an appeal from the trial court judgment awarding the plaintiff-appellant worker’s compensation benefits for 35 percent permanent loss of use of his left ankle due to an employment-related accident. Defendant employer has answered the appeal seeking reversal of that portion of the judgment casting it for court costs and expert witness fees. On reargument before a five-judge panel as required by Art. 5, § 8(B) Louisiana Constitution,[1] we amend the judgment appealed and affirm.
Plaintiff sustained injury to his left ankle in September 1978, while employed by defendant as a bricklayer, when a large stone fell on it. The same ankle had been broken in 1970 in a horseback riding accident, and the left leg injured in an automobile accident approximately nine years before trial, but these injuries were not causing plaintiff difficulty when this latest injury occurred. Soon after the employment-related accident, surgery was performed on plaintiff’s ankle to alleviate pain from traumatic arthritis which had produced spurring on the ankle. The treating physician, Dr. Joffrión, felt plaintiff had improved to pre-injury status by January 16, 1979, and could return to his former activities. However, the traumatic arthritis continued to worsen, and a successful ankle fusion was performed in April 1979 to eliminate the pain by immobilizing the ankle joint. Plaintiff was once again released as able to return to work in March 1980.
Plaintiff attempted to return to work, but developed difficulty with his hip and knee and arthritis in the subtalar joint of the left foot just below the ankle. These problems were attributed to the additional stress on these joints as a result of the ankle fusion. He has a gait disturbance in the left leg which requires that he take special care on uneven surfaces. Plaintiff testified he is no longer able to perform many of the duties required of a bricklayer and was unproductive, often having to stop and sit down due to pain.
Defendant terminated plaintiff’s compensation benefits as a result of Dr. Joffrion’s release. Although he felt he could no longer work as a bricklayer, plaintiff secured employment performing other types of manual labor as a handyman of sorts, such as installing ceiling fans. He also officiated baseball and softball games and basketball games on the lower levels of competition.
According to the expert testimony, including that of Dr. Joffrion, plaintiff has at least a 35 percent loss of the motion of his left leg due to the employment-related accident and the resultant ankle fusion. Based on this testimony, the trial court awarded plaintiff judgment for 35 percent perma *644 nent partial disability of the left lower extremity pursuant to the La.R.S. 23:1221(4) schedule of benefits for loss of (or loss of use of) designated body members and bodily functions.
Plaintiff contends on appeal that the trial court erred in failing to find him totally and permanently disabled. He argues alternatively that he is permanently partially disabled and benefits should have been awarded pursuant to the wage differential provision of La.R.S. 23:1221(3).
La.R.S. 23:1221 defines permanent total disability as the inability “to engage in any gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience ...”
Plaintiff maintains he should be classified as permanently totally disabled as an odd-lot worker in a competitive labor market because he can no longer effectively compete for employment. The test for application of the odd-lot doctrine was enunciated by the Louisiana Supreme Court in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980):
In order to determine whether the plaintiff fits within this category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity. If the plaintiff is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category. (Citations omitted.) At pages 1323-1324.
This doctrine was further applied to claimants who can work only in substantial pain, since one’s pain may appreciably limit the types of work available to him and thus greatly diminish the ability to compete in the labor market. Lattin v. Hica Corporation, 395 So.2d 690 (La.1981). The record establishes that plaintiff has difficulty and pain in activities involving climbing, squatting, or working on uneven or slanted surfaces due to the diminished motion of his ankle, additional stress on the knee and hip joints, and development of arthritis in the subtalar joint of the foot. The consensus of the expert medical witnesses was that he should not perform heavy physical labor which would place stress on his leg, but should not experience too much difficulty with light physical labor even if it required substantial standing.
The plaintiff has failed to demonstrate that a market for his labor does not exist within which he can effectively compete without substantial pain. He was trained in welding skills in connection with his masonry training and has performed welding jobs when masonry work was unavailable, both before and after his surgery. He has also successfully performed general light maintenance work, including installation of ceiling fans, for local retail outlets since the injury. Plaintiff’s education at this point is limited to a high school diploma. However, his successful completion of several hours of college credit indicates that his mental capacity is not so limited that he would be prohibited from expanding the job market in which he is able to compete by acquiring further education in the future.
Inasmuch as plaintiff failed to prove his “odd-lot” status, we hold that the trial court did not err in finding that the plaintiff is not totally and permanently disabled. See Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982); Kirkley v. DSI Transports, 416 So.2d 584 (La.App. 1st Cir.1982).
We do find, however, that the trial court erred in awarding benefits under Subsection (4) of La.R.S. 23:1221 as opposed to Subsection (3). Four physicians testified *645 that plaintiff would continue to experience difficulty in performing any job involving heavy manual labor, such as bricklaying. Dr. Joffrion, the treating physician, testified he felt the plaintiff could return to his former employment, but would have to use special care in walking on the job site. However, he had not examined plaintiff since the post-fusion development of traumatic arthritis in his foot became evident.
The other doctors, who had conducted more recent examinations, felt that, because of the additional stress on plaintiff’s mobile joints and the developing arthritis, he was unsuited for an occupation involving much climbing and walking on uneven surfaces. They testified such activities would unduly stress his knee and hip and aggravate his arthritic condition. The plaintiff testified such activities were too painful for him to perform competently and he was in fact released from one such job due to unproductivity.
We feel the record clearly shows the plaintiff is unable to return to his former position. He is therefore permanently partially disabled.
La.R.S. 23:1221(3) provides the following schedule of payments of compensation benefits for permanent partial disability:
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury was particularly fitted by reason of education, training, and experience, during the period of disability, ... and not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1, 1977;
[[Image here]]
The fourth subsection provides benefits for loss of particular members of the body, loss of the use of such members, and other impairments.
The Louisiana Supreme Court dealt with these provisions in Jacks v. Banister Pipelines America, 418 So.2d 524 (La.1982) in which it was stated:
The statute does not explicate the relationship between the specific loss schedule and the total and partial disability provisions. In a case in which a specific loss also results in total or partial disability for the worker, the act does not give either remedy priority or state whether the remedies are cumulative or optional....
The prevailing interpretation is that an employee may not recover compensation both for a total or partial disability and for a specific loss but he may recover for one or the other, the employee being permitted recovery under whichever provision affords him greater compensation. Id, at 527.
We therefore find plaintiff is entitled to an award for permanent partial disability under the wage differential provision of Subsection (3) which will afford him. greater compensation.
We find no error in the trial court’s denial of penalties and attorneys fees. The penalty provision is stricti juris and should be imposed only in those instances in which the facts negate probable cause for nonpayment. Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977). Plaintiff’s treating physician had pronounced him able to return to work. The plaintiff did in fact subsequently return to his former trade. In light of the substantial legal dispute over this claimant’s disability, we cannot say that the defendant acted arbitrarily or capriciously in terminating benefits to this claimant.
Defendant contends on appeal that the trial court abused its discretion in as *646 sessing court costs and expert witness fees against it. La.C.C.P. Art. 1920 provides that the court may render judgment for a cost against any party as the court considers equitable. We find no abuse of that discretion in the trial court’s assessment.
For the reasons assigned, the judgment appealed is amended and, as amended, affirmed, and there is now judgment in favor of plaintiff John Clayton Fielder, awarding compensation benefits for partial disability, pursuant to the provisions of La.R.S. 23:1221(3). Benefits are to cover the period commencing February 27,1981, and shall be received throughout the period of disability, not to exceed 450 weeks from September 23, 1978. Said disability benefits are subject to a credit for any benefits previously paid by the employer under the Louisiana R.S. 23:1221(4) scheduled loss provision, pursuant to the now amended trial court judgment. Legal interest shall accrue on all past due installments owed from date due until paid. Costs of this appeal are assessed to defendants-appellees.
AMENDED and AFFIRMED.
MARVIN, J., dissents and assigns written reasons.

. From a proposed amendment of the trial court judgment on our original hearing, one judge of the three-judge panel dissented as to the proposed result reached by that panel.