451 So.2d 1327 (1984)
Arnold PECK
v.
TG & Y STORES CO.
No. 83 CA 0916.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1328 William C. Shockey, Baton Rouge, for plaintiff-appellant Arnold Peck.
John Swanner, Baton Rouge, for defendant-appellee TG & Y Stores Co.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is a workers' compensation case. Plaintiff, Arnold Peck, seeks benefits for partial, permanent disability, and statutory penalties and attorney fees against his employer, TG & Y Stores Co. From a judgment dismissing his claims at his costs, plaintiff appeals. For reasons set out below, we affirm.
The issues are: (1) Was Peck disabled beyond June 22, 1982, the date compensation payments terminated? (2) Is plaintiff entitled to statutory penalties and attorney fees?
The record shows that Arnold Peck was injured on July 1, 1981, within the course and scope of his employment as assistant manager at the TG & Y Store on Perkins Road in Baton Rouge, when he twisted his left knee while assisting in the unloading of merchandise from a delivery truck. The injury was subsequently diagnosed by the treating physician, Dr. Kenneth Cranor, as *1329 a deranged medial meniscus. Almost two months after the injury, the plaintiff underwent an arthroscopic partial medial meniscectomy.
Shortly after surgery, Dr. Cranor estimated a five per cent permanent physical impairment of the left leg, and considered Peck able to return to work, with certain motion and weight-lifting limitations.
About six months after surgery, Dr. Cranor referred Peck to Dr. John Thomas, an orthopedist, for evaluation. Dr. Thomas estimated that the plaintiff would "qualify for a 5% permanent physical impairment and loss of physical functions secondary to the medial meniscectomy." He also was of the opinion that Peck would "qualify for an additional 5% permanent physical impairment and loss of physical function on the basis of the changes consistent with chondromalacia which cause squatting, stair climbing, and other knee bending activity difficulties."
The plaintiff was also referred to a vocational rehabilitation clinic for evaluation. The specialist considered that Peck would have difficulty performing certain tasks at TG & Y, such as lifting merchandise and stocking shelves.
Following his release by Dr. Cranor, Peck began working as assistant manager at Drake's Salad Bar for Capital Area Salad Bar, Inc., where he was still employed at the time of the trial. Testimony was that work at the salad bar is less demanding than his previous job, and consists of supervision, greeting customers, helping as bus boy and cleaning the premises at closing time. The plaintiff testified that his knee hurt constantly and that he did not think he could do the work at TG & Y any more.
After considering the testimony, depositions and other evidence, the trial judge concluded:
"In my opinion, Mr. Peck has not proved to me by a preponderance of the evidence that he has or is partially disabled and/or that to do the work that he was doing at TG & Y would cause him substantial pain. It's an element that's necessary. I just don't feel that it's been proven by a preponderance of the evidence in this case."

DISABILITY
The first issue before us is whether the trial court erred in finding that the plaintiff was not entitled to benefits for disability. The basic issue in this respect is whether the trial court was clearly wrong in determining that Peck could perform the duties of his former occupation, or same or similar employment without working in substantial pain.
In order to be compensable, the pain suffered by a claimant must be substantial. "A claimant will not be held to be disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident." Culp v. Belden Corporation, 416 So.2d 1311, 1314 (La.App. 3rd Cir.1982), aff'd 432 So.2d 847 (La.1983). The residual pain or discomfort in such a circumstance will be considered disability only if it is substantial or appreciable pain. See Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La. 1980). Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied 407 So.2d 735 (La.1981).
While we recognize that in workers' compensation cases the law is to be liberally construed in favor of the employee, the plaintiff is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3rd Cir.1982).
In cases of this nature it is the totality of the evidence, medical and lay, which must be examined by the trial court in making its disability determination. It is the trial judge's function to assess the *1330 weight to be accorded the evidence, both medical and lay testimony. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975).
On appellate review, the trial court's factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports a reasonable factual basis for the trial court's findings, unless clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979). The trial court found that the claimant had failed to prove that he was partially disabled or that doing work similar to that he performed at TG & Y would cause him substantial pain. We accede to the fact-finding role of the trial judge in this respect, because we are unable to conclude that the trial court's finding of no disability is clearly wrong.

PENALTIES
Appellant contends he is nevertheless entitled to penalties and attorney fees as a consequence of defendant's arbitrary and capricious termination of benefits. Since the court found that the claimant was not partially, permanently disabled at the time the employer discontinued compensation payments to him, the employer was justified in its termination of benefits. Moreover, the treating physician expressed his opinion that the plaintiff was able to return to work.
We note that Dr. Cranor considered that Peck had reached his current level of rehabilitation at least as early as March, 1982. The plaintiff was paid compensation benefits through June 22, 1982. We see nothing arbitrary or capricious in the employer's conduct, especially in light of the fact that compensation was paid to the employee for some fifty weeks while he was not working. We find no error in the lower court's refusal to hold the employer responsible for statutory penalties and attorney fees. Fielder v. Triple S. Masonry, 438 So.2d 642 (La.App. 2nd Cir.1983).
For the reasons assigned, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.