677 So.2d 654 (1996)
Beatrice DORTHLON, Plaintiff-Appellant,
v.
ST. FRANCIS MEDICAL CENTER, INC., Defendant-Appellee.
No. 28426-CA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*655 Kenneth G. Miller, Lafayette, for Plaintiff-Appellant.
Hayes, Harkey, Smith & Cascio by John B. Saye, Lafayette, for Defendant-Appellee.
Before NORRIS, GASKINS and CARAWAY, JJ.
NORRIS, Judge.
The plaintiff, Beatrice Dorthlon, appeals a jury verdict rejecting her claims for personal injury arising from a fall which occurred near the entrance of St. Francis Medical Center, Inc. (St. Francis). Plaintiff contends that the jury erred in finding no liability on the part of St. Francis and that such a finding represented error in applying the law to the evidence. For the reasons expressed, we affirm.

Facts and Procedural History
On the morning of June 9, 1992, 69-year-old Mrs. Dorthlon went to visit her 98-year-old mother at St. Francis in Monroe. She entered the hospital through the main front entrance which is equipped with two automatic sliding doors. One door opens to the outdoors and the other, approximately eight feet away, opens to the lobby. A mat covers the space between the two doors and extends into the lobby. At some point between the doors, Mrs. Dorthlon suddenly fell to the floor, breaking her left hip. She alleges that because the mat extended outside, it caused her to trip and fall when she entered the first door.
At trial, Mrs. Dorthlon admitted she was prone to grand mal seizures; however, she testified that these were controlled by medication. She also testified that she had not had a seizure in many years and denied having one on the morning of the incident. Other evidence suggested that Mrs. Dorthlon was unsteady on her feet and prone to falls. Specifically, in 1989 she was treated for an injury to her hand. Medical records indicated that she told the treating physician that she was unsteady on her feet and having a *656 lot of falls. At trial, Mrs. Dorthlon denied making such a statement and claimed she told her doctor the fall was caused by a dog jumping on her.
Mrs. Dorthlon filed the instant suit contending that St. Francis breached its duty of care to keep its premises in a reasonably safe condition so that it may be used in an ordinary and reasonable way without danger. Plaintiff also contended that the hospital was liable to plaintiff for damages under La.C.C. Arts. 2317 and 2322.
After presentation of the evidence, the jury negatively answered the following written interrogatories accompanying its verdict:
(1) Do you find that St. Francis Medical Center, Inc. breached any duty or standard of care which was a proximate cause of the accident to Beatrice Dorthlon?
(2) Do you find that the entrance to St. Francis Medical Center, Inc. had any defect in the entrance which was an unreasonable risk of harm and a proximate cause of the accident?
Plaintiff urges on appeal that the jury was manifestly erroneous in its conclusions. Specifically, plaintiff asserts that the jury's finding of no liability on the part of St. Francis was clearly contrary to the evidence and represents error in applying the law to the evidence.

Applicable Law
Mrs. Dorthlon advanced two theories of recovery. First she contended she should recover in strict liability for a defective or unreasonably risky thing in the hospital's custody. Strict liability is based on La.C.C. arts 2317 and 2322, which provide:
Art. 2317. Acts of others and of things in custody
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This however, is to be understood with the following modifications.
Art. 2322. Damage caused by ruin of building
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
In order to recover in strict liability under C.C. art. 2317 against St. Francis, Mrs. Dorthlon had to prove by a preponderance of the evidence that: (1) the thing complained of had a vice or defect; (2) the defect presented an unreasonable risk of harm to others; (3) the thing was in the defendant's custody; and (4) damage was caused by the defect. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
To recover under La.C.C. art. 2322 against an owner of a building, Mrs. Dorthlon must prove that because of a failure to repair or a defect in its original construction, the building posed an unreasonable risk of injury to others and that she was damaged by virtue of this risk. Entrevia v. Hood, 427 So.2d 1146 (1983). A building owner is not responsible for all injuries resulting from any risk posed by his building; he is only liable for those injuries caused by an unreasonable risk. Id. at 1149.
Therefore, to prevail under the strict liability theories embodied in La.C.C. arts. 2317 and 2322, Mrs. Dorthlon must show that she was exposed to an unreasonable risk of harm from the condition of the hospital entrance she traversed. Celestine v. Union Oil Co. of Calif., 94-1868 (La. 4/10/95), 652 So.2d 1299.
Alternatively, Mrs. Dorthlon urged she is entitled to recover in negligence for the hospital's failure to maintain its premises in a reasonably safe manner. La.C.C. art. 2315 provides in pertinent part:
Every act whatever of man that causes damage to another obliges him whose fault it happened to repair it.
La.C.C. art. 2316 reads:
Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
Where a theory of negligence is alleged, a finding of liability is predicated upon the existence of a duty and a subsequent *657 breach thereof. Crigler v. Crigler, 28,085 (La.App. 2d Cir. 4/3/96), 671 So.2d 1199. St. Francis has a duty to exercise reasonable care in keeping its floors in a reasonably safe condition and when a condition is found to be unsafe, to render the conditions safe or take adequate steps to prevent the damage caused by such conditions. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). A determination as to whether a particular duty encompasses a particular plaintiff is essentially a question of law, whereas the determination as to a breach of that duty is a question of fact. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La.1993).
The "clearly wrong" standard is to be applied to appellate review of fact. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Brooks v. Henson Fashion Floors, Inc., 26,378 (La.App. 2d Cir. 12/7/94), 647 So.2d 440. Therefore this court may not set aside a trial judge or jury's finding of fact unless that finding is manifestly erroneous or clearly wrong. To reverse the judge or jury in its finding of fact, we must both find, after a review of the record in its entirety, that there is no factual basis for its finding, and that the finding is clearly wrong or manifestly erroneous. The issue is not whether the jury or judge is right or wrong; it is whether the conclusion was reasonable. Id.
When the fact finder's conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La. 1989); Rich v. Tench Elec. Motor Works, Inc., 26,072 (La.App. 2d Cir. 8/19/94), 642 So.2d 293.

Discussion

Strict Liability
The first issue presented is whether the trial court erred in finding that the entrance to St. Francis posed no unreasonable risk of harm. Under La.C.C. arts. 2317 and 2322, when the plaintiff proves a condition in a thing that poses unreasonable risk of harm to others and that the defect indeed caused harm, then the custodian or owner of the thing is liable for the damage caused. Loescher v. Parr, 324 So.2d 441 (La.1975); Summerall v. Ouachita Parish School Bd., 27,643 (La.App. 2d Cir. 12/8/95), 665 So.2d 734.
A defect is some flaw or fault or condition of relative permanence existing as one of its qualities. McBride v. Cracker Barrel Stores, Inc., 94-370 (La.App. 3 Cir. 11/2/94), 649 So.2d 465. The plaintiff bears the burden of proving both the defect in the thing that creates the unreasonable risk of harm and resultant damage. McKinnie v. DOTD, 426 So.2d 344 (La.App. 2d Cir.), writ denied 432 So.2d 266 (1983).
Mrs. Dorthlon urges that this mat was defective because when it extended beyond the entranceway the edge would curl up and create a hazard to the hospital's patrons. Without explicitly arguing it, she apparently contends that the slope in the floor also contributed to the dangerous condition. Frank McCardle, hired by plaintiff to investigate the accident, admitted that when he observed the mat, there was no gap between it and the floor. Certain photographs taken by Mr. McCardle depict a gap or elevation of approximately ¼ of an inch.[1] Mr. McCardle, however, later testified that to create the gap he had to pull the mat over the change in elevation several times just outside the hospital entrance. Plaintiff suggests that if the mat extends outside the hospital doors, it creates a "trip hazard." However, several of Mr. McCardle's pictures depict the mat extended beyond the entrance but not "curled up."[2]
Conversely, Jerry Madden, an architectural engineering expert, testified that when he observed the mat, it also extended slightly outside the front doors, but remained flush with the ground. He testified that the slope of the floor at the entrance was a difference *658 in elevation of 3/8 of an inch over a distance of four to five inches and complied with national safety codes as referenced in American National Standards Publication A-117. He felt regardless of the mat's position, it was not hazardous, defective or unreasonably risky because it was heavy and lay flat against the floor every time he observed it. In his opinion, this degree of slope would not make the mat susceptible to gapping, whether it was four or five inches beyond the door, or less. A picture taken by Madden shows the mat extending beyond the slope and lying flat.[3] Mr. Madden further testified that before the second automatic door begins to open, a patron must be two to three feet inside the first door. Additionally, the sliding doors were shown to be able to close over the mat without touching it. Thus, the doors by design virtually eliminate the possibility of the doors causing the mat to curl up or gap.
St. Francis also offered the testimony of Betty McHenry, the only eyewitness to the accident. Ms. McHenry at the time of the incident was employed by St. Francis as a supervisor at the information desk located near the front entrance of the hospital. Ms. McHenry indicated she had a clear view of the incident and that the plaintiff did not trip or lose her balance; she passed through the first door and then "all the sudden went down." The objects being carried by Mr. Dorthlon spilled through the second door into the lobby. In fact, McHenry initially believed plaintiff had a heart attack to which she attributed her collapse. She also testified that the mat was lying flat against the floor on the morning of the accident. She also stated that during her 13 years at St. Francis she had never seen the mat in question bunch, gap or curl at the edge such that it could be a danger to persons entering the hospital.
Based on the evidence presented, a fall at the entrance of St. Francis was clearly unusual. However, an unusual occurrence in and of itself is not proof of a defect. McBride, supra. Likewise, not every minor imperfection in a thing is a "defect" giving rise to delictual responsibility under La.C.C. arts. 2317 and 2322. Although the theories of strict liability presented by plaintiff dispense with the requirement to prove defendant's knowledge of the defect, the burden of proof still remains upon the plaintiff to prove that there was in fact a defect that created an unreasonable risk of harm. Entrevia, supra.
Mrs. Dorthlon made no showing that normal use and misuse of the mat could generate sufficient pressure to cause a gap; her own investigator demonstrated that he had to manipulate the mat in order to create a gap, elevation or other discontinuity that would make the mat defective. Likewise, Madden testified that in his opinion even after the mat was manipulated to cause a gap, because of its material and weight, the mat would have been flat again in a moment.
Considering the photographs and the testimony at trial, the jury apparently took the view that this entrance and mat did not create an unreasonable risk of harm to persons entering the hospital. In this case, the jury was required to make credibility determinations. It is well settled that a trial court's or jury's findings of fact are entitled to great deference and should not be disturbed unless those findings are manifestly erroneous or clearly wrong. Rosell, supra.
Based on the foregoing, the jury was justified in its conclusion that the mat, in its ordinary use, did not create an unreasonable risk of harm. Stobart v. State, supra. Therefore, the finding by the trial court that Mrs. Dorthlon failed to meet her burden of proving strict liability is affirmed.
Negligence
The next issue is whether the jury erred in finding no breach of duty or standard of care on the part of St. Francis which caused plaintiff's accident. Mrs. Dorthlon specifically claims that St. Francis knew or should have known of a defect in the main entryway. Specifically, she asserts the placement of a floor mat at the entryway created an unreasonable risk of harm.
Under a theory of negligence based on C.C. art. 2315 and art. 2316, St. Francis clearly has an affirmative duty to exercise reasonable care to keep its floors in a reasonably safe condition. Likewise, if an unreasonably *659 safe conditions is created, the hospital must render the thing safe or take adequate steps to prevent the damage caused by the thing. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982); Limberg v. Winn Dixie Louisiana Inc., 622 So.2d 1178 (La.App. 4 Cir.1993). St. Francis is not, however, the insurer of the safety of its patrons. Smith v. Reliance Ins. Co., 431 So.2d 907 (La.App. 2d Cir.1983).
As noted, the jury found that the mat and the entranceway did not create an unreasonable risk of harm. Mrs. Dorthlon has failed to make the threshold showing of an unreasonable risk of harm, and we pretermit consideration of the other elements essential to negligence.
Therefore, after a thorough review of the record, we are not persuaded to disturb the judgment as one founded upon manifest error or clearly wrong. The jury had ample evidence to conclude that St. Francis was neither strictly liable Ignor negligent in the instant case.

Conclusion
In sum, we cannot say that the jury was clearly wrong in holding that St. Francis was not negligent in maintaining the hospital premises. Likewise, the jury's finding as to strict liability is affirmed. For these reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] See plaintiff's Exhibits 8 and 9.
[2] See plaintiff's Exhibits 3 through 6.
[3] See defendant's Exhibit 1.