525 So.2d 1207 (1988)
Katherine SEILER
v.
Charles A. OSTARLY, Jr. and Richard C. Mouledous, a Professional Architectural Corporation and ABC and XYZ Insurance Companies.
No. 88-CA-23.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
*1208 Guy L. Deano, Jr., James S. Conner, Jr., Patricia Saik, Mandeville, for plaintiff-appellant Katherine Seiler.
Brian Erickson, Victor E. Stilwell, Jr., William Lee Kohler, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee Charles Ostarly, Jr.
Michael Wanek, Hulse, Nelson & Wanek, New Orleans, for defendant-appellee Richard C. Mouledous.
John Napolitiano, Abbott, West, Best & Meeks, New Orleans, for defendant-appellant Hartford Ins. Co.
David Walle, Bievenue, Foster, Ryan & O'Bannon, New Orleans, for defendant-appellee HOW Ins. Co.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
KLIEBERT, Judge.
Katherine Seiler, plaintiff-appellant, filed suit against the insurers of and individually against Richard C. Mouledous, appellee, and Charles Ostarly, Jr., the architect and general contractor who designed and built a triplex apartment for her in Beau Rivage Subdivision, St. Tammany Parish. Approximately six months after the triplex was completed, differential rising and settlement of the foundation slab of the structure caused extensive damage to the structure. Although substantial remedial work, including pouring concrete pilings in place, was performed, damages continued to occur after the work was performed, although at a lesser pace. In the trial court Seiler contended the damages resulted from the negligence and/or breach of contract of defendants in failing to adequately design and build the triplex. The trial court found the differential settlement was due to "expansive clay" and dismissed the suit against both defendants. The expansive clay contracts when soil conditions are dry and swells when soil conditions are wet. The movements in the clay cause the upward and downward movement of the foundation. This results in damages to the structure. Although the phenomenon is not uncommon in other areas, it is unique to Beau Rivage, since no other building in Beau Rivage had ever exhibited this tendency to move up and down.
Plaintiff timely appeals. In her brief, however, plaintiff states the scope of her appeal is limited to the liability of the architect Mouledous. She does not contest the trial court's determination that the general contractor, Ostarly, is not liable; hence, we limit our review to the liability of the architect, Mouledous. As to that liability, Seiler concedes in brief that the expansive clay was the cause of the movement in the foundation but contends: (1) the architect failed to discover the presence of expansive clay before he designed the foundation and this was the cause in fact of the structural failure, and (2) the architect's failure to determine the soil conditions at the site breached his obligation as a professional to determine that his foundation design was suitable for the particular site. For the reasons hereinafter stated we affirm the judgment of the trial court.
The two contentions above enumerated were urged to and rejected by the trial court. In response to the underlying contention, i.e., the architect failed to obtain soil borings to determine whether pilings might be required, the trial court concluded that the failure to do so was not the cause in fact of the damages sustained. Although not specifically stated by the trial court, Seiler contends the court's conclusion was based on the court's erroneous reasoning that including pilings in the foundation design and pouring the monolithic slab on the pilings would not have remedied the problem because the subsequent addition of pilings did not do so. Seiler now argues that this reasoning was error because it was predicated on the belief that had the "expansive clay" been discovered prior to construction there were remedies other than the pouring of the slab on the pilings which would have remedied *1209 the problem and the use of pilings initially would have been more efficient than those used in the remedial work. The plaintiff does not state, however, what remedies could have been used to overcome the movement of the "expansive clay."
We do not agree with the appellant's reasoning or her conclusion that the trial judge committed manifest error. Rather, we believe the trial judge reasoned that the cause-in-fact of the damages was the "expansive clay" and since this was a latent defect in the soil, under his employment agreement and the conditions present the architect was under no obligation to undertake exhaustive studies to discover the defect. See Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268 (1967).
Moreover, in the absence of an express contractual provision to the contrary, the architect does not guarantee the owner a perfect plan or a satisfactory result. He is not liable for mere errors of judgment. His liability attaches only when his conduct falls below the standard of skill and care exercised by others engaged in the same profession in the same locality. Sams v. Kendall Const. Co., 499 So.2d 370 (La.App. 4th Cir.1986).
There was no written contract between Seiler and Mouledous. The testimony of Milton Seiler[1] and of Mouledous confirm the trial court's determination that Mouledous was not acting in the full capacity as an architect, but rather, was assisting her in some specified function and charged accordingly. Although the plans contained drawings for a monolithic slab, it did not contain specifications for footing construction; nor did it contain full specifications and general conditions for the construction. In essence, as concluded by the trial judge, Mouledous was hired to draw line plans for the triplex and was paid an hourly rate for his and his draftsman's work. Nevertheless, Mouledous made inquiries of the Parish Building Inspector and other architects in the area as to whether pilings were used in Beau Rivage. He was informed pilings were unnecessary.[2] Also, Mouledous had constructed apartments for himself in the subdivision, one of which was no more than 300 feet from plaintiff's property without the use of pilings. A close review of the expert testimony indicates Mouledous acted with the same skill and care customarily employed by others in his profession.
Thus, even if we were to conclude Mouledous' duty went further than the preparation of line plans, we cannot say Mouledous' acts were below the appropriate standard for the locality.
Accordingly, we affirm the judgment of the trial court. Costs are to be borne by appellant.
AFFIRMED.
NOTES
[1] Milton Seiler was plaintiff's father and acted for her in the hiring of the defendant Mouledous.
[2] The record shows only one house in the subdivision (the one next to plaintiff) used pilings and those were used only after the problems involved here became known.