577 So.2d 149 (1991)
Larry W. THAMES, Rita Thames, Individually and on Behalf of their Minor Son, Brett Thames
v.
John BALLARD and John T. Ballard, and Champion Insurance Company.
Carl M. HUGHES, Individually and as Administrator of the Estate of His Minor Child, James Hughes
v.
John R. BALLARD, as Administrator of the Estate of his Minor Child, John T. Ballard, General Agents Insurance Company of America, Inc., The Police Jury of Livingston Parish, Amoco Production Company and Commercial Union Insurance Company.
John R. BALLARD, Individually and as Administrator of the Estate of His Minor Child, John T. Ballard
v.
AMOCO PRODUCTION COMPANY, Police Jury of Livingston Parish, Louisiana and Alvin Fairburn and Associates, Inc.
Nos. CA 89 1624 to CA 89 1626.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
*150 Larry C. McCullough, Baton Rouge, for Larry Thames.
F. Barry Marionneaux, Plaquemine, for Carl M. Hughes.
Patrick W. Pendley, Plaquemine, for John T. Ballard.
John R. Keogh, Baton Rouge, for Alvin Fairburn & Assoc. and Continental Cas. Co.
Iddo Pittman, Hammond, for Amoco Production Co.
Robert L. Kleinpeter, Baton Rouge, for MGA Agency.
Michael Dale Lee, Baton Rouge, for Champion Ins. Co.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
This is an appeal of a decision granting an exception of no cause of action.

FACTS
On February 3, 1984, John T. Ballard, minor son of John R. Ballard, allegedly struck a pot hole on Linder Road in Livingston Parish and lost control of his automobile which crossed into the other lane of traffic and struck an automobile driven by Larry Thames. The Thames' automobile was also occupied by Larry Thames' wife, Rita, and their minor son, Brett. James Hughes, minor son of Carl M. Hughes, was a guest passenger in the Ballard automobile. Suits were filed by the occupants of the Thames automobile and Carl M. Hughes, on behalf of his minor son, James, against John R. Ballard, the Livingston Parish Police Jury and Alvin Fairburn and Associates, the engineering firm that had designed a repair of Linder Road prior to the accident. John R. Ballard filed suit against the Livingston Parish Police Jury, Alvin Fairburn & Associates, Amoco Production Company and Koch Oil Company. Amoco and Koch were also added as defendants in the Thames' and Hughes' suits. Amoco owns and operates a gas-sweetening facility on Linder Road and Koch operates a trucking service. Amoco and Koch operate eighteen-wheel trucks on Linder Road. The plaintiffs allege that the operation of these trucks is the cause of the poor condition of Linder Road. Linder Road is a parish road and is under the care of the Livingston Parish Police Jury.
Amoco and Koch filed exceptions of no cause of action which were granted by the trial court. Motions for new trials were filed by the appellants and denied by the trial court. The appellants argue that it was error for the trial court to grant the exception of no cause of action without allowing the plaintiffs the opportunity to amend.

ANALYSIS
The appellants do not argue that it was error for the trial court to grant the exception of no cause of action. They argue that they could have amended their petitions to state a cause of action and that the trial court erred in failing to allow them the opportunity to do so.
La.C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply *151 with the order to amend, the action shall be dismissed.
The appellants allege that the petition could have been amended to state a cause of action against Amoco and Koch. The trial court reviewed the amended petition as presented in a motion for a new trial and denied the motion. We have examined the proposed amendments and agree with the trial court in finding that they fail to state a cause of action.
The appellants allege liability on the part of Amoco and Koch based on the operation of vehicles on Linder Road in violation of a parish ordinance setting a maximum weight limit of 10,000 pounds for vehicles on Linder Road; the alleged violations of La.R.S. 14:96 and 14:97; and Amoco's participation in the drafting of plans for an overlay of Linder Road by providing information about the number and size of vehicles used on Linder road and an offer to pay for a portion of the overlay costs.
As stated by the Louisiana Supreme Court in Gresham v. Davenport, 537 So.2d 1144, 1146 (La.1989):
The standard of conduct required of persons in Louisiana in their relationships with one another as a basis of delictual liability is set forth in La.Civ. Code arts. 2315 and 2316.
Accordingly under these articles the elements of a cause of action are fault, causation and damage. The conduct of which the plaintiff complains must be a cause-in-fact of the harm. After determining causation, the court must also determine what was the duty imposed on defendant, and whether the risk which caused the accident was within the scope of the duty. A breach of a duty on the part of the defendant which was imposed to protect against the risk involved makes the offender negligent under the above articles.
The appellants allege that it was Amoco and Koch's use of trucks in excess of the limit that caused deterioration of the road and created the pothole which allegedly caused the accident. They further allege that the weight limit and La.R.S. 14:96 and 14:97 create a duty on the part of Amoco and Koch.
La.R.S. 14:96 states, in pertinent part:
Aggravated obstruction of a highway of commerce is the intentional or criminally negligent placing of anything, or performance of any act on any ... road, highway ... where it is foreseeable that human life might be endangered.
La.R.S. 14:97 states in pertinent part:
Simple obstruction of a highway of commerce is the intentional or criminally negligent placing of anything or performance of any act on any ... road, highway ... which will render movement thereon more difficult.
The appellants allege that the use of the vehicles in excess of the weight ordinance is the performance of a negligent act where it is foreseeable that human life might be endangered or movement on Linder Road rendered more difficult. We question whether the use of the highway in this manner by Amoco or Koch could even be the cause-in-fact of the accident in question. However, even were we to assume that the use of Linder Road by Amoco and Koch was a cause-in-fact of the accident, we do not find that the risk which caused the accident was within the scope of any duty imposed on Amoco and Koch by the weight ordinance or La.R.S. 14:96 and 14:97.
As stated by this court in Snyder v. Bergeron, 501 So.2d 291, 293 (La.App. 1st Cir.1986), writ denied, 503 So.2d 483 (La. 1987):
In order for the violation of a safety statute to constitute actionable negligence, the violation must be encompassed within the scope of the risks that the statute was designed to protect against, and the violation must be a cause in fact of the accident.
Criminal statutes are guidelines for the court in civil matters. The imposition of a duty depends on a case by case analysis. Gresham, 537 So.2d at 1147.
The weight ordinance might impose a duty on Amoco and Koch not to operate vehicles in excess of the weight limit. A *152 violation of the safety statute might be a violation of a duty imposed by the weight ordinance but we do not find that the risk of a subsequent accident by traffic on the road unrelated to the overweight vehicle is within the scope of the duty imposed by the ordinance. Additionally, we do not find that Amoco or Koch's actions would be a violation of La.R.S. 14:96 or 14:97. We have not found a case where the use of a vehicle in violation of a weight ordinance has been found to be intentionally or criminally negligent in violation of La.R.S. 14:96 or 14:97. We also have not found a case imposing liability based on supplying information regarding expected usage of a highway. The parish, not Amoco or Koch, was responsible for the maintenance of Linder Road.
The judgment of granting the exception of no cause of action is affirmed. All costs of these appeals are assessed against the appellants.
AFFIRMED.