586 So.2d 679 (1991)
McKEEN HOMEOWNERS ASSOCIATION, INC., Plaintiff-Appellant,
v.
Travis OLIVER, et al., Defendant-Appellees.
No. 22791-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*680 Jack Wright, Jr., Clarence A. Martin, III, Monroe, for plaintiff-appellant, McKeen Homeowners Ass'n, Inc.
Barnes & Jefferson by Stephen A. Jefferson, Monroe, for defendant-appellee, Travis Oliver.
Bennie M. Farrar, Monroe, for defendant-appellee, Larry James.
Before LINDSAY, VICTORY and STEWART, JJ.
STEWART, Judge.
McKeen Homeowners Association (McKeen), plaintiff-owner of condominium units, filed suit against Pargoud, Inc., builder of the units and Travis Oliver, III, an architect who placed his stamp on a set of the construction plans. Exterior walls began separating from the unit's wood frame, and one wall subsequently collapsed. Finding that the building had been defectively constructed, the trial court awarded judgment and damages of $49,470.24 against Pargoud, Inc., but dismissed plaintiff's complaint against Travis Oliver, III (hereinafter sometimes referred to as "Oliver"). Plaintiff appeals that part of the trial court judgment which dismissed its claim against Oliver, assigning as error the trial court's finding that Travis Oliver, III was not liable for the damage, and requesting judgment against Oliver. Plaintiff further requests that the damage award be made effective against Oliver in solido. We affirm.

FACTS
Defendant, Pargoud, through executive officer, Robert McSherry, had Larry James to prepare construction plans for plaintiff's condominium units. James owned his own business known as House of Plans, Larry James and Associates. James' business consisted of designing residential and commercial buildings, but James was neither a registered engineer nor an architect. After James prepared the plans, McSherry learned that Pargoud needed approval from the fire marshall in order to get a building permit. It was McSherry's understanding that the fire marshall required a set of plans which was stamped by either a civil engineer or an architect. McSherry took the plans to his cousin, architect Travis Oliver, III, and asked him to prepare a cross section drawing of the interior fire walls and to replace James' logo with Oliver's architectural seal for submission of the plans to the fire marshall. Oliver did this as a favor to his cousin, without payment.
Pargoud built the condominium units and, in 1985, plaintiff noticed that the exterior brick veneer walls were separating from the unit's wood frame. In 1986, Plaintiff filed suit against Pargoud, Inc. and Travis Oliver, III, alleging defective design and construction. Oliver filed a third party action against Larry James claiming a right of indemnification for any judgment rendered against Oliver in this suit. While the action was pending, plaintiff had a contractor to prop up the south exterior wall with heavy wooden support beams. On the same day the beams were placed against the wall, the upper brick parapet section of the south wall collapsed during a windstorm.
The trial court found that the building had been defectively constructed and *681 awarded $49,470.24 plus interest and expert witness fees against Pargoud, Inc. With regard to Oliver, the trial court found that plaintiff failed to prove that Oliver's action, placing his seal on Pargoud's plan for the limited purpose of obtaining approval from the fire marshall, constituted a cause in fact of plaintiff's damage. Accordingly, the suit against Oliver was dismissed, as was Oliver's third party claim against Larry James for indemnification. Plaintiff appeals, asserting that the trial court erred by failing to find Oliver's negligent failure to correct or reject the allegedly defective plans was a cause in fact of plaintiff's damages. We disagree.

DISCUSSION
Plaintiff-Appellant, McKeen, argues that Oliver, as a professional and as an architect, is obligated by R.S. 37:152 to affix his seal only to plans which were prepared by him or under his supervision. According to appellant, although Oliver prepared only one page of the plans, Oliver adopted the plans as his own by altering the title block to reflect his logo, and by affixing his stamp. Appellant asserts that the plans were defective in providing for neither wall ties nor a structurally sound exterior wall. Several architects, including Oliver, testified that a description of wall ties and the structural backing was typically required in construction plans in this area. According to appellant, Oliver's negligent failure to note these defects, and to either correct them or reject (rather than approve and stamp) the plans, resulted in the damages sustained.
Appellee, on the other hand, argues that Oliver was not hired by Pargoud to perform any duties as an architect. According to appellee, the plans were submitted to Oliver for the limited purpose of preparing a drawing of the unrelated fire wall and affixing an architect's seal as required for fire marshall approval. Appellee maintains that, because Oliver did not draw the exterior wall plans, Oliver could not foresee that his work would cause the damages incurred; therefore any improper or defective construction was Pargoud's fault and not the fault of Oliver.
Negligence is a breach of one's duty to another. The determination of liability in a negligence case usually requires proof that:
(1) the defendant's had a duty to conform his conduct to a specific standard (the duty element);
(2) the defendant's conduct failed to conform to the appropriate standard (the breach element);
(3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);
(4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
(5) plaintiff incurred actual damages (the damages element).
Fowler v. Roberts, 556 So.2d 1 (La.1989).
The first element is usually a legal inquiry, and the other four are usually questions of fact. Id. A finding of negligence must be premised on the existence of a legal duty and a breach of that duty. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and on the relationship of the parties. White v. McCoy, 552 So.2d 649 (La.App. 2 Cir.1989). The mere fact that a duty exists does not mean that it extends to everyone against every risk all the time [citations omitted]. Lejeune v. Rayne Branch Hosp., 556 So.2d 559, 569 (La.1990).
Once applicable standards of care are established, inquiries into the remaining elements of negligence become questions of fact to be determined by the trier of fact. Fowler, supra; White, supra.
Absent an express contractual provision to the contrary, an architect
does not guarantee the owner a perfect plan or a satisfactory result. He is not liable for mere errors of judgment. His liability attaches only when his conduct falls below the standard of skill and care exercised by others engaged in the same profession in the same locality. Sams v. *682 Kendall Cons. Co., 499 So.2d 370 (La. App. 4th Cir.1986).
Seiler v. Ostarly, 525 So.2d 1207 (La.App. 5 Cir.1988); see also, Maloney v. Oak Builders, Inc., 224 So.2d 161, 168 (La. 1969). The burden of proving that an architect or engineer did not perform his work in accordance with the skill usually exercised by others in his profession in the same locality is upon the party making the charge. Segall Company, Inc. v. W.D. Glassell Company, 401 So.2d 483 (La. App.2d Cir.1981); Pittman Construction Company v. City of New Orleans, 178 So.2d 312 (La.App. 4th Cir.), writ denied, 248 La. 434, 179 So.2d 274 (La.1965).
The existence or extent of a duty need not be discussed until substantial cause-in-fact is found. The cause-in-fact issue is determined on a case-to-case basis. White v. McCoy, 552 So.2d 649 (La.App.2d Cir.1989). A defendant's conduct is actionable under LSA-C.C. Arts. 2315 and 2316 where it is both a cause in fact and a legal cause of the harm incurred. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Fowler v. State Farm Fire & Casualty Ins. Co. 485 So.2d 168 (La.App.2d Cir.1986), writ denied, 487 So.2d 441 (La.1986). Cause-in-fact is usually a "but for" inquiry which tests whether the injuries would not have occurred but for the defendant's substandard conduct. Fowler, supra, 556 So.2d at 5.
The issue presented by the instant facts is whether the trial court was clearly wrong in finding that appellant failed to prove that Oliver's act or omission was a cause-in-fact of appellant's damage.
Oliver received James' plans from McSherry and substituted his own logo and seal in place of James' "House of Plans" logo, for the limited purpose of obtaining approval from the fire marshall. Appellant asserts that Oliver adopted the plans as his own by affixing his seal. However, appellant has not provided, and we do not find, any statutory or jurisprudential authority for the contention that delictual liability results from Oliver's act of affixing his seal. Appellant also fails to indicate a legal basis for the contention that Oliver breached a duty by failing to correct James' plans.
Pertinent to the circumstances of this case,[1] LSA-R.S. LSA-R.S. 37:152 A.(2) provides that no architect shall affix his seal or stamp, or permit it to be affixed, to any specification, drawing, or other related document which was not prepared either by him or under his responsible supervision. The consequence for violation of this section is possible disciplinary action which could result in suspension or revocation of the architect's license. LSA-R.S. 37:153 A.(2).
We do not find that the mere placing of Oliver's architectural seal on James' plans subjects Oliver to delictual liability. The plans used by appellant at trial were obtained from the fire marshall's office. The record contains no evidence that the plans with Oliver's seal, rather than with the House of Plans logo, were actually relied upon by Pargoud or anyone else in building the defectively constructed walls. Nor is there any indication that, even assuming Pargoud used the plans bearing Oliver's seal, it relied upon those plans because of the seal. We agree with the trial court's determination that Oliver's architectural stamp was not a cause-in-fact of appellant's damages.
Oliver also prepared a site plan, which shows where the building is located, and a cross section of the building's interior fire walls. Neither of the documents prepared by Oliver is related to the exterior brick veneer wall or the brick veneer parapet wall. The record reveals that no evidence was presented that the interior fire wall was faulty, that it was related to the defectively constructed exterior walls, or that Pargoud, Inc. or anyone else relied on Oliver's work in the course of building the defective exterior walls. There is no *683 testimony from any architect or engineer that Oliver's work was below the appropriate standards for the locality. On this record, we agree with the trial court's determination that neither Oliver's work, nor his architectural stamp, was a cause-in-fact of appellant's damages.
In Seiler, supra, an architect was hired to design a foundation for a triplex. The court noted that the
[T]estimony ... confirm [sic] the trial court's determination that [the architect] was not acting in the full capacity as an architect, but rather, was assisting ... in some specified function and charged accordingly.
Seiler, supra at 1207. The court then affirmed the trial court judgment which had dismissed the suit against the architect. Seiler recognizes that an architect may work in less than his full capacity, thus rendering the scope of delictual analysis to the architect's actual involvement in a project.
Having found no causal relationship, we need not reach the issue of whether Oliver owed a duty to appellant. Accordingly, we find no manifest error in the trial court judgment.

CONCLUSION
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] LSA-R.S. 37:152 B also provides that a design professional reviewing state-owned plans or other construction documents shall remove the original architect's seal and, upon affixing his seal for documents which he approved for reuse, the design professional shall assume all responsibilities for the documents which bear his seal. However, the legislature did not elect to confer the same responsibilities upon architects under circumstances such as the instant facts which do not involve state-owned plans.