621 So.2d 90 (1993)
Andrew A. MONTGOMERY, Plaintiff-Appellant,
v.
MAX FOOTE CONSTRUCTION COMPANY, Defendant-Appellee.
No. 24870-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*91 Boren, Holthaus & Perez by Lennie F. Perez, Baton Rouge, for Andrew Montgomery, plaintiff-appellant.
Cook, Yancey, King & Galloway by James R. Sterritt, Shreveport, for The Hartford, intervenor-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Shreveport, for Max Foote Const. Co., defendant-appellee.
*92 Before MARVIN, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
Plaintiff, Andrew Montgomery, an experienced engineer, was seriously injured in a fall at the jobsite. Plaintiff now appeals a judgment rejecting his claim for damages from the general contractor. For the reasons set forth below, we affirm.

FACTS
On July 1, 1987, the City of Winnfield awarded a contract to defendant, Max Foote Construction Company ("Contractor"), to build or rebuild a sewage treatment facility. The city employed Beard Engineering Company ("Beard Engineering") to design the facility and monitor the construction. Andrew Montgomery ("Plaintiff") was employed by Beard Engineering as its resident site representative and inspector for the project.
The project required the construction of an areation basin, drying beds, chlorine contact chamber and administration building. Plaintiff's accident occurred at the construction site of the chlorine contact chamber, a large rectangular design, 85 feet long by 45 feet wide, with interior walls to guide the flow of waste water.
Plaintiff's work required that he monitor each step of the construction to insure its quality and compliance with specifications. To move about on the job site, plaintiff frequently walked upon and along tops of walls. On December 11, 1987, plaintiff had monitored the pouring of an interior wall inside the chlorine contact chamber. After inspecting the troweling, plaintiff went to the office to use the telephone. When he returned to inspect the final troweling, he climbed onto the outside wall and then walked along an interior wall 10 inches wide. According to plaintiff, this was the most direct route. Plaintiff believed that walking on top of these interior walls was a safe way to traverse the construction site. Plaintiff fell nine feet from the wall to the floor of the chamber and sustained serious injuries. Plaintiff does not know what caused him to fall.
Plaintiff filed suit against the general contractor and its insurer, Standard Fire Insurance Co. The petition claimed that the contractor breached its duty to furnish a safe work environment by not providing needed safeguards such as railings and scaffolding. Plaintiff contended that the contractor established a practice among its own workers of using the tops of these interior walls as passageways and was responsible to protect against injury from this practice.
Beard Engineering's workers' compensation insurer intervened to recover benefits and medical expenses, past and future. A joint stipulation was filed by the parties in which it was admitted that plaintiff was injured during the course and scope of his employment with Beard Engineering.

DISCUSSION
A finding of fault must be premised on the existence of a legal duty that was breached. Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and on the relationship of the parties. McKeen Homeowners Ass'n, Inc. v. Oliver, 586 So.2d 679 (La.App. 2d Cir.1991); White v. McCoy, 552 So.2d 649 (La.App. 2d Cir. 1989). Duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Smith v. English, 586 So.2d 583 (La.App. 2d Cir.1991), writ denied, 590 So.2d 80 (La.1991); White, supra. Duty questions, including whether a duty extends to protect a particular plaintiff against a particular harm, are essentially legal questions. Morris v. Owens-Illinois, Inc., 582 So.2d 1349 (La.App. 2d Cir.1991); Finley v. North Assurance Co. of America, 476 So.2d 837 (La.App. 2d Cir.1985).
A general contractor owes a duty to all workers to make the job site reasonably safe under the circumstances. Lyle v. National Surety Corporation, 304 So.2d 743 (La.App. 3d Cir.1974), writ refused, 309 So.2d 341 (La.1975), U.S. cert. denied, 423 U.S. 898, 96 S.Ct. 201, 46 L.Ed.2d 131 (1975).
*93 The fact that a duty exists does not mean that it extends to protect everyone against every risk all of the time. Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990); McKeen Homeowners Ass'n, Inc., supra. Imposition of a duty depends on a case by case analysis. Gresham v. Davenport, 537 So.2d 1144 (La. 1989); Thames v. Ballard, 577 So.2d 149 (La.App. 1st Cir.1991).
Plaintiff does not allege that there was a defect in the wall that caused him to fall. According to plaintiff, he doesn't know what caused his accident; he simply lost his balance and fell. Plaintiff, who was 60 years old at the time of the accident, had worked in construction for over 40 years and had considerable engineering experience in industrial construction. Plaintiff had worked on numerous projects requiring climbing and walking on walls and other structures. Given his extensive background and experience, plaintiff was arguably the most knowledgeable and qualified person on the job site. Plaintiff was answerable only to his employer and the City of Winnfield, whom he represented on the construction site.
Several of the contractor's employees testified that plaintiff had been warned to be careful on the job site, especially when walking atop the walls. Steve Baker, project foreman, testified that because plaintiff was employed by Beard Engineering and was site representative for the City of Winnfield, he had no control over plaintiff's activities and could only warn him to be careful. Plaintiff admitted that it was his choice to use the tops of these walls as a walkway.
Given these facts, we consider the plaintiff a sophisticated actor who made a conscious decision to use the wall as the shortest means of getting to the place he was to inspect. Plaintiff was fully cognizable of the danger and insisted on traversing the job site in this manner. Plaintiff was in the better position to determine the safety and practicality of his activities. Under these circumstances, defendant had no duty to further caution plaintiff against the obvious dangers of walking atop the construction site walls. Because plaintiff made an intelligent choice where the risk was obvious, universally known, easily avoidable and a part of his daily surroundings, there was no further duty owed plaintiff by defendant and thus no liability under LSA-C.C. Article 2315. Shelton v. Aetna Casualty and Surety Co., 334 So.2d 406 (La.1976); Henshaw v. Audubon Park Commission, 605 So.2d 640 (La.App. 4th Cir.1992), writ denied, 607 So.2d 570 (La. 1992).
Plaintiff argues that the trial court erred in excluding from evidence and failing to take judicial notice of OSHA regulations regarding the protection of workers in a job site containing open-sided platforms or runways. We agree that evidence of OSHA provisions and regulations should be considered by the trier of fact in determining the standard of care applicable to a contractor. National Marine Service, Inc. v. Gulf Oil Co., 433 F.Supp. 913 (E.D.La.1979), affirmed without opinion, 608 F.2d 522 (5th Cir.1979).
The OSHA regulations relied on by plaintiff are found in 29 C.F.R. § 1925 et seq, and provide that safeguards should be used when the workplace includes elevated platforms and runways. 29 C.F.R. § 1925.502 defines "platform" and "runway" as follows:
(e) "Platform"a working space for persons, elevated above the surrounding floor or ground, such as a balcony or platform for the operation of machinery and equipment.
(f) "Runway"a passageway for persons, elevated above the surrounding floor or ground level, such as a footwalk along shafting or a walkway between buildings.
It was established that employees of the contractor worked on and walked along the tops of the walls on the construction site. However, these walls were not built to serve as work spaces or passageways, but were part of the facility being constructed. Furthermore, there was testimony that employees were not to be on the wall tops except for work-related reasons. Under *94 these circumstances, we do not think that these interior walls constructed as part of the sewage treatment facility are within the intended scope of 29 C.F.R. § 1925 et seq. Classification of these walls as platforms or runways would mandate that practically every wall constructed as part of the project have railing and/or toeboards on all open sides. Under the circumstances of this case where numerous interior walls transversed the entire chamber, this was neither a reasonable nor a feasible requirement. See Gomez v. Scaffold Rental & Erection Company, 453 So.2d 588 (La.App. 5th Cir.1984), writ denied, 459 So.2d 537 (La.1984).

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs are assessed to plaintiff-appellant.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I concur fully in the affirmance but venture these brief comments.
First, very careful reading of OSHA, along with relevant administrative and federal court interpretations, is necessary for determining whether the statute applies in a given situation. Cf. Cochran v. Int. Harvester Co., 408 F.Supp. 598 (W.D.Ky. 1975). Second, even if such application is established, the violation of a statutory regulation does not per se give rise to civil liability, but rather is entitled only to such probative weight as warranted under the circumstances. See generally, e.g., Burley v. La. Power & Light, 319 So.2d 334 (La. 1975).