LOTTINGER, Chief Judge.
This tort action arises from injuries the plaintiff allegedly sustained while disembarking from a tractor. On June 1, 1987, the plaintiff, the director of public works of Tche-funeta Club Estates, was operating a tractor on a road adjacent to a lot owned by defendant Marsal. Marsal was constructing a home upon the lot while the plaintiff was repairing the road. The plaintiff contends that when he stepped off of the tractor and onto the road, a small portion of the road collapsed under his foot causing him to fall and injure his back.
The plaintiff alleges that the condition of the road was a result of the negligence of Marsal, or sub-contractors employed by him, as many heavy trucks were traversing the road during the construction of the home. The plaintiff amended his petition to add Marsal’s homeowner’s insurer, Allstate Insurance Company, and three sub-contractors, Doyle Glass, Inc., Poole Lumber Company, and Parish Concrete as defendants. The plaintiff also seeks to hold the Parish of St. Tammany liable for failing to maintain the road properly.
Initially, the Parish of St. Tammany moved for summary judgment on the grounds that the road was private, not public, and it therefore had no duty with respect to the roads maintenance. The trial court denied this motion, apparently finding the status of the road a genuine issue of material fact in dispute. The Parish then filed a third party demand against Tchefuncta Club Estates Homeowners Association claiming that they were responsible for the road’s maintenance at the time of plaintiffs injury.
Doyle Glass, Inc. then moved for summary judgment which the trial court denied. Doyle took writs to this court and the trial court’s judgment was reversed and motion for summary judgment was granted. This court held that Doyle owed no duty to the plaintiff to protect against the risk encountered, citing Thames v. Ballard, 577 So.2d 149 (La.App. 1st Cir 1991).. In Thames, the plaintiff was injured when his car hit a pothole causing him to loose control of the vehicle. The plaintiff sued the Livingston Parish Police Jury, the engineering firm responsible for road repairs, Amoco Production Company and Koch Oil Company. Amoco and Koch operated eighteen-wheel trucks on the road in question. This court affirmed the granting of an exception of no cause of action filed by Amoco and Koch. The plaintiff alleged that Amoco and Koch loaded their trucks in violation of a parish weight limit ordinance, violated La.R.S. 14:96 and 97, which deal with obstruction of highways, and that Amoco was liable as it participated in drafting the plans for the road overlay. With respect to the violation of the weight limits, this court held that the risk of an accident by traffic on the road unrelated to the overweight vehicle is not within the scope of the duty imposed by the ordinance. 577 So.2d at 152. This court further held that neither Amoco nor Koch obstructed the highway and that no authority could be found for holding a party liable for supplying information regarding expected usage of a highway. According to the Thames decision, it was the parish who was responsible for the maintenance of the highway.
*14 Subsequent to the dismissal of the action against Doyle, Poole Lumber was granted its motion for summary judgment.
The trial court then granted the motions for summary judgment of both Parish Concrete and the homeowner Marsal. It is the granting of these two motions which plaintiff appeals. With respect to Parish Concrete, we affirm as their position is indistinguishable from the other sub-contractors whose motions were granted.
With respect to Marsal, the plaintiff contends that his liability is based on the fact that he submitted a deposit for road damage caused by the construction in accordance with the policy of Tchefuncta Club Estates Homeowners Association. The plaintiff argues that since a portion of the deposit was withheld for road repairs, Marsal was negligent. The plaintiffs position is untenable. Plaintiff cites no authority which would establish a duty based solely on the payment of a damage deposit. As in Thames, the duty to maintain the roads was that of either the Parish of St. Tammany or Tchefuncta Club Estates. Both of these parties remain in the plaintiffs suit and liability will turn on whether the road is public or private. In neither case will the homeowner or sub-contractors be liable.
Therefore, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.