J^DREW, J.
In this case, the trial court granted summary judgment in favor of defendant, Schumpert Medical Center, in an action brought by Dottie and Bruce Lichti for injuries that Mrs. Lichti suffered when she fell from a chair on which she had been standing while attempting to close the blinds in her hospital room. For the reasons set forth below, we reverse the trial court’s grant of summary judgment.

FACTS

In August 1997, Mrs. Lichti was a patient at Schumpert Medical Center in Shreveport for the treatment of bronchitis and back pain. According to her deposition testimony, Mrs. Lichti called the nurses’ station to ask for a maintenance man to fix the TV and the blinds when she first entered her room upon admission. In response, two maintenance men came to Mrs. Lichti’s room, removed the television set and told her they would bring a replacement. The workers examined the blinds, but informed Mrs. Lichti they could not fix them. Neither indicated what, if anything, they planned to do regarding the blinds. After the workers left the room, Mrs. Lichti again called the nurses’ station to ask them to “fix the window,” through which the sun was shining. She indicated that when she is in pain, as she was at that time, light is unpleasant to her. Mrs. Lichti testified that although she continued to wait, no one came to fix the blinds. She recalled an aide coming to her room to give her some water, and she asked the aide to please have someone come “to fix this window.” She had no further contact with hospital personnel prior to her fall; she was in the bathroom when the maintenance men returned to replace her TV, and she could not remember speaking with either of them.
According to Mrs. Lichti’s deposition, after returning from the bathroom she lay on her bed while the sun “just kept glaring.” The glare on the TV screen [^prevented her from seeing the picture, and she was “getting more aggravated.” Although she tried putting a pillow to the side of her face to block the light, she eventually decided to try to close the blinds herself.
When Mrs. Lichti got out of bed to close the blinds, she was wearing a pair of slacks, a blouse, and sandals with rubber soles. She testified that she was alert and oriented, was not dizzy, and that none of the medications she might have taken that morning would have had an adverse effect on her balance or her ability to walk. There was a recliner chair in her room that had lockable wheels. Mrs. Lichti unlocked the wheels on the chair, pushed the chair to the window, locked the wheels, got up in the chair, and attempted to run her fingernails as high as she could in order to turn the slats of the blinds in the opposite direction to block the glare. That was her last memory prior to regaining consciousness after her fall. She did not know why she fell, but stated that her feet did not slip off the seat. She testified that she sustained an injury to her left shoulder, her upper back, and the cervical area of her spine. She could not remember whether or not the recliner opened at the time she fell.
The Lichtis’ petition asserted that their damages were proximately caused by the negligence of Schumpert Medical Center in failing to properly maintain facilities (a claim under La. C.C. art. 2315), and in supplying defective equipment (a claim under La. C.C. art. 2317). Schumpert subsequently filed a motion for summary judgment asserting that the blinds did not present an unreasonable risk of injury and that Schumpert owed no duty to Mrs. Lichti to protect her from falling from the recliner. In support of the motion for summary judgment, Schumpert offered Mrs. Lichti’s deposition. The plaintiffs’ only response to the motion for summary judgment was a memorandum in opposition in which they argued that their petition addressed not only the defective blinds, but also the |3chair. Plaintiffs also *422 argued that the hospital had a duty to provide proper accommodations, but that the room to which Mrs. Lichti was assigned was “defective.”
At the conclusion of a hearing on the motion for summary judgment, the court noted that Mrs. Lichti’s deposition showed she did not know whether the chair opened when she fell, but the court opined that neither the blinds nor the chair posed an unreasonable risk to a reasonably prudent person. The court then stated:
The uncontested facts show that this lady, who was suffering from several maladies including bronchitis and a bad back, complained about the blinds being opened several times, that maintenance people came and worked on the blinds and couldn’t get them to work right. And then she climbed up on a chair to try to fix them herself. And I think all of that is uncontested.
So that being the case, the Court first of all believes, as I said, the blinds didn’t pose an unreasonable risk. The chair didn’t pose an unreasonable risk to a reasonably prudent person. Based on the uncontested facts, I don’t believe that there is any way for the plaintiff to show that she was acting as a reasonably prudent person. And the plaintiff, therefore, cannot prevail on an essential element. So the summary judgment is granted.

DISCUSSION

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the movant for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense; thereafter, if the adverse party fails to produce factual support |4sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Article 966(C)(2). On appeal, the granting of summary judgment by the trial court is reviewed de novo. Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir.9/24/97), 699 So.2d 1149.
In the instant case, the only evidence placed before the trial court was the deposition of Mrs. Lichti. For purposes of reviewing the summary judgment, we will assume, arguendo, that Mrs. Lichti’s deposition testimony is true. At the same time, because the only evidence before the court showed nothing wrong with the recliner chair upon which Mrs. Lichti stood, we reject without further discussion plaintiffs’ argument that the chair was defective. We also observe at this point that because of the intertwining nature of plaintiffs’ legal theories of recovery, this court need only discuss the duty-risk negligence analysis. The five elements in that analysis are: (1) cause in fact; (2) duty; (3) breach of duty; (4) legal or proximate cause; and (5) damages. See Roberts v. Benoit, 605 So.2d 1032 (La.1991).

Cause In Fact

In reviewing this grant of summary judgment, the question to be asked with respect to the element of cause in fact is whether or not a reasonable trier of fact could conclude that the broken blinds, in combination with the failure of hospital personnel to adequately respond to Mrs. Lichti’s request for help, was a cause in fact of her fall. On the record before us, we conclude that but for the broken blinds and the failure to respond, Mrs. Lichti would not have attempted to close the blinds by climbing on the chair, and the accident would not have occurred. Ac *423 cordingly, we conclude that the plaintiffs’ legal claims should not fail on the element of cause in fact.

IsDuty

Duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances. Whether a legal duty exists is dependent upon the relationship between the parties. Montgomery v. Max Foote Const. Co., 621 So.2d 90 (La.App. 2nd Cir.1993). A hospital owes a duty to exercise the necessary care toward a patient that the patient’s condition requires, including protecting from dangers that may result from the patient’s mental and physical incapacities and from external circumstances peculiarly within the hospital’s control. Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990); Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974).
In the instant case, there was a legal relationship between the parties by virtue of the fact that Mrs. Lichti was a patient at Schumpert hospital. Thus, Schumpert owed Mrs. Lichti a duty to exercise the necessary patient care and to protect her from dangers within the hospital’s control. For this reason, the element of duty cannot serve as a basis for granting summary judgment in this case.

Breach of Duty

After a court finds that a duty exists, the trier of fact must decide if the duty has been violated by the defendant. Generally, a party who owes a duty breaches that duty when he fails to exercise reasonable care in protecting those at risk. Morrison v. Kappa Alphi Psi Fraternity, 31,805 (La.App. 2nd Cir.5/7/99), 738 So.2d 1105, writs denied. A determination of whether a hospital has breached its duties depends upon the facts and circumstances of each particular case. Hunter v. Bossier Medical Center, 31,026 (La.App. 2nd Cir.9/25/98), 718 So.2d 636. In this summary judgment case, the question concerning breach is whether a | reasonable trier of fact might conclude, given the facts and circumstances as thus far developed, that the hospital failed to exercise the necessary care toward Mrs. Lichti by failing to timely respond to her repeated requests for assistance with the bright light that was aggravating her condition. Because we cannot say that reasonable minds must inevitably conclude that Schumpert did not breach its duty in this case, we cannot sustain the granting of summary judgment on the basis of breach of duty.

Legal Cause

The term “cause” in legal cause demands an inquiry into whether a legal standard of care exists and requires delving into policies both for and against extending the asserted legal standard of care to protect a particular plaintiff against a particular harm. Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090 (La.9/9/97), 699 So.2d 35. A proper inquiry is the ease of association of the injury with the rule of conduct that is urged. Hill v. Lundin and Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). The extent of protection owed to a particular plaintiff is determined on a case-by-case basis in order to avoid making a defendant an insurer of all persons against all harms. Todd, supra. A hospital is not an insurer of a patient’s safety and is not required to guard against or take measures to avert a situation that a reasonable person would not anticipate as likely to happen under the given circumstances. Bossier v. DeSoto General Hosp., 442 So.2d 485 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1122 (La.1984).
In the instant case, we must ask whether or not the particular risk involved— that a 59-year-old hospital patient might fall from a chair while attempting to close broken blinds to prevent bright light from aggravating her condition— is easily associated with a duty by the hospital to ^respond to the patient’s *424 repeated requests for help in a matter of basic care and comfort. When we review the facts as developed to this point in the case, we cannot conclude that summary judgment was appropriate on the issue of legal cause. It is not unforeseeable that a patient experiencing discomfort due to bright light entering the room, and who has obtained no relief through repeated requests for aid, might decide to take matters into her own hands and attempt to close the broken blinds. Furthermore, because the top of the blinds is located above the easy reach of the average person, it is not unforeseeable that the patient would attempt to use a chair to reach the top of the blinds. Without question, a recliner chair, even one with lockable wheels, is far from an ideal platform from which to attempt such adjustments. However, we must be mindful not to allow a patient’s comparative negligence to enter a negligence analysis of the defendant’s conduct through the back door. See Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988).

Damages

At this point in the litigation, there has been no suggestion that the plaintiff did not suffer damages as the result of her fall. Accordingly, summary judgment could not be appropriate on a finding of no damages.

CONCLUSION

For the • reasons set forth above, we conclude that the trial court erred in granting summary judgment in favor of Schumpert at this point in the proceedings. None of the elements of the duty-risk analysis will support summary judgment. Accordingly, we hereby reverse the granting of summary judgment and remand the case to the trial court for further proceedings at appellee’s costs.
REVERSED AND REMANDED.